The opinion of the court was delivered by
Breaux, J.
This was a prosection under a municipal ordinance relative to lotteries. This case and the case of the State against Riley are in the main similar, save that in the case now before us counsel for the defendant argued in the brief, and oral argument, two additional grounds upon which they claimed reversal of the judgments from which the defendant had appealed, viz.:
*1607 1. That the ordinance illegally authorized a search warrant.
2. That the ordinance was ultra vires; the municipality had not. authority to pass the ordinance.
The part of the ordinance assailed reads: “That it shall be unlawful for any person or persons to keep a lottery office in any place or manner in the city of New Orleans, for himself or others, as an individual, partner, stockholder, officer, manager or agent.
“ That it shall not be necessary to prove that the actual sale of lottery tickets in any space, house, office or premises, but any sign, tickets, sheets, bulletins or other device used to indicate that tickets are kept for sale, or to give information as to the result of any drawing, shall be taken and accepted as a sufficient proof of the keeping of a lottery office or shop.”
The remainder of the ordinance sets forth the penalty it is possible to inflict upon conviction before the recorder within whose jurisdiction the offence is committed, and under the pleadings presents no issue for our determination.
Taking up the first objection for our determination we have not found a bill of exceptions of record presenting the point argued.
The ordinance itself is absolutely silent in regard to all warrants of arrest, or search warrants, and the demurrer filed is equally as silent upon the subject, save general averments, not specially directed against issuing secret warrants under an alleged illegal and ultra vires ordinance, nor directed against the method pursued bo secure testimony under search warrants which an ordinance could not make legal.
For these reasons it is not possible to pass upon the grounds stated.
The second objection sets forth that the ordinance was illegal and ultra vires.
In taking up this ground for determination, it is we think proper to state that a penal statute of the State makes the drawing of lotteries and the selling of lottery tickets an offence.
The section of the ordinance assailed was copied from it. Sec. 7 and 8 of the Act of 1894 relative to lotteries.
There were acts of date prior prohibiting lotteries.
Under the charter of 1882 the city of New Orleans was given authority to imprison “ all bunco-men, fraudulent and unauthorized lottery men.”
*1608 The delegation of power was ample enough to authorize the city to adopt an ordinance relative to lotteries. This delegation of power to the municipality, under its charter, was not repealed or affected by subsequent legislation not in conflict with this provision of the charter of 1882.
Act 45 of 1896 is not in conflict with the prior acts on the subject— on the contrary, it is in accord; it gives authority to ordain as relates to “ lottery men.” The brevity of the delegation of power contained in the last act is amplified sufficiently to sustain the ordinance by prior legislation relating to lotteries.
The other points raised by the defendants have already been passed upon in the ease we have before cited.
For the reasons therein assigned and the views we have here expressed it is ordered and adjudged and decreed that the sentence and judgment appealed from are affirmed.
Judgment affirmed.
Mr. Justice Blanchard takes no part on account of absence when the case was argued.